UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NANCY S. MOLES,<br>   *Plaintiff*, | )<br>)<br>) |
| vs. | )    1:10-cv-00952-JMS-TAB<br>) |
| MICHAEL J. ASTRUE, Commissioner of Social<br>Security Administration,<br>   *Defendant*. | )<br>)<br>) |

# ORDER

Previously, the Court vacated the Commissioner's denial of Plaintiff Nancy S. Moles' application for "disabled widows benefits" and remanded it back to the Commissioner for further proceedings. [Dkt. 40.] Presently before the Court is her Motion for Attorney Fees Under the Equal Access to Justice Act. [Dkt. 41]

The Commissioner does not dispute, and the Court finds, that the United States is liable to Ms. Moles for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. That Act creates a presumption of fees to private litigants who prevail against the United States. 28 U.S.C. § 2412(d)(1)(A).

The Commissioner does dispute the reasonableness of the $10,640.00 requested fee, which must be computed by determining a reasonable hourly rate and the hours reasonably expended on the litigation, *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Commissioner contends that the Court should only award $7,200 in fees. Given the low amount of requested fees overall and the only small difference between the competing figures, the Court's analysis will be brief. *See Platteville Area Apt. Ass'n v. City of Platteville*, 179 F.3d 574, 582 (7th Cir. 1999) ("The less there is at stake in a fee application, the less time the district court should spend in considering it." (collecting cases)).

In terms of counsel's hourly rate, the Commissioner accepts, [*see* dkt. 43 at 1], and the Court approves, counsel's $160 rate, which is less than counsel's market rate and is less than the maximum rate that is statutorily authorized, [*see* dkt. 41-1 ¶¶6-7]; *see also Stokes v. Astrue*, 2010 U.S. Dist. Lexis 120001, *7 (awarding $170.25 hourly rate).

Although the Commissioner challenges 23.5 hours of the 68.7 requested as unreasonably expended, the Court rejects those challenges.

First, the Commissioner argues that counsel's time spent for briefing should be reduced by 15.10 hours. The Commissioner does not, however, indicate how he arrived at that seemingly arbitrary reduction. [dkt. 43 at 2] In any event, given the voluminous record in this case—spanning over 2,100 pages—the amount of time spent preparing a winning brief was reasonable, and indeed less than what the Court has seen in other cases involving smaller records.

Second, the Commissioner asks that the Court disallow the 5.20 hours that counsel spent in connection with a motion to supplement the record with 300 additional pages of material. Inasmuch as the Commissioner had no objection to supplementing the record, and given that the materials helped counsel advance his theory of the case, the Court finds it reasonable to allow the time.

Third, the Commissioner erroneously asserts that Plaintiff's counsel was seeking to recover 1.4 hours of travel time; counsel is not charging for travel time. [*See* dkt. 41-4 at 4.][1]

Fourth, the Commissioner argues that it should have only taken counsel 1.5 hours to prepare and file the Complaint for Judicial Review, rather than 2.3 hours. And fifth, the Commissioner challenges the 0.60 hours involved in conferring with opposing counsel, drafting, and fil-

---

[1] Even if he had, the time would have been recoverable. *See In re Maurice*, 69 F.3d 830, 834 (7th Cir. 1995) ("Attorneys customarily charge their clients for time on an opportunity-cost basis. Statutes authorizing compensation for attorneys' fees therefore permit compensation for travel time." (citations omitted))

ing two motions for time as clerical.[2]  The Court will allow all the time requested.  To the extent, if any, that the Commissioner is correct that the time represents attorney inefficiency, the Court finds that counsel's reduction in hourly rate more than compensates for that inefficiency.

## Conclusion

Ms. Moles' Motion for Attorney's Fees is **GRANTED**, [dkt. 41], such that Ms. Moles is awarded $10,640.00 in attorney's fees, which the Commissioner shall pay directly to Ms. Moles' lawyer within thirty days unless the Commissioner files a statement in this action indicating that the fees are subject to offset.  *See Mathews-Sheets v. Astrue*, 653 F.3d 560, ___, 2011 U.S. App. LEXIS, **14-15 (7th Cir. 2011) (indicating that unless a fee award is subject to offset, "ignor[ing] the assignment and order[ing] the fee paid to [the litigant directly] would just create a potential collection problem for the lawyer").

11/07/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

D. Eric Hall
ATTORNEY AT LAW
hall@dehattorney.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

---

[2] While the Commissioner claimed that 1.0 hours was sought, that claim results from a misreading of counsel's fee petition.  [*See* dkt. 41-1 at 4.]